# Exhibit 6



DEPARTMENT OF DEFENSE
OFFICE OF GENERAL COUNSEL
WASHINGTON, D.C. 20301-1600

October 20, 1988

MEMORANDUM FOR JOSEPH E. SALKO, COLONEL, MSC, USA
              DIRECTOR, MANPOWER, PERSONNEL & TRAINING

SUBJECT: Obligation of Armed Forces Health Professions
         Scholarship Program (AFHPSP) Students for Graduate
         Medical Education (GME)

   This is in response to your memorandum of September 13, 1988 in which you requested that this office consider the legal obligations present as a result of the revision of DoDD 6000.2, "Minimum Terms of Service and Active Duty Obligations for Health Service Officers," which increased the active duty obligation for many participants in military sponsored graduate medical education. As we understand the controversy, under the previous directive time spent in DoD sponsored graduate professional education in a military facility did not increase the minimum term of service required of first-term personnel. It is also noted that both the previous and the revised directive state that the directive shall not be used to change an ADO or an active duty agreement entered into in writing by a health services officer before the effective date of this directive.

   As you have indicated, a problem has now surfaced because the Military Departments contend that AFHPSP students should be allowed to abide by the provisions stated in their AFHPSP contracts entered into prior to the directive change date, specifically including provisions to the effect that GME in a military facility will not increase the ADO. While this office will not attempt to interpret the applicable terms of each of the service contracts, we agree that a contract binding on the AFHPSP student is also binding on the Military Department, the other party to the contract. Modification of the directive does not provide a sufficient legal basis to alter active duty obligations previously agreed to by the parties to the contracts. This is particularly so because of the carryover provision in both directives alluded to earlier, but even absent that provision the service contracts would be meaningless if one party to them was free to alter material terms.

   This office is therefore of the opinion that the directive change discussed above should not be relied upon as a legal basis to alter any active duty obligations which had been incorporated

2

into the AFHPSP contracts prior to the date of the change. In addition, any AFHPSP contract forms which are at variance with the current directive should be modified to reflect the new requirement to increase the active duty obligation for DoD sponsored graduate medical education.

We can understand your desire to see the results of the directive change at the earliest possible point in the long pipeline for medical officer accessions. Although we cannot concur in changing agreed upon obligations at the GME stage of the pipeline, we could concur, if you believe it would be helpful, in the establishment of a preference for GME for HPSP participants willing to increase their ADO. The concept is that the Services could give a preference for acceptance into a residency training program (perhaps applying to certain specialties and/or certain coveted facilities) to any applicant who agrees to the longer active duty obligation in a new contract. Those who do not agree to a longer ADO would still be considered for the GME program. Because the contracts all state that residency training is contingent upon being accepted into the program, a good argument can be made that establishing a preference system for acceptance does not breach a material term of the contract.

Robert J. Gilliat
Assistant General Counsel
(Personnel & Health Policy)