## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**DANIEL W. ISENBARGER,**               )
                                        )
      **Petitioner,**              )
                                        )
    **v.**                            )
                                        )    **Civil Action No. 06-1054 (JDB)**
**MAJOR GENERAL KENNETH**               )
**L. FARMER, JR.**                      )
                                        )
      **Respondent.**              )
_____)

### RESPONDENT'S RESPONSE TO ORDER TO SHOW CAUSE

On June 8, 2006, the Petitioner filed an Application for a Writ of Habeas Corpus. Petitioner acknowledges that he is a Lieutenant Colonel in the United States Army and that he has an Active Duty Service Obligation (ADSO) through June 30, 2007. Petitioner does not allege that he is unlawfully in the custody of the military. Consequently, any Petition he may file seeking release from military custody prior to June 30, 2007 is premature and requires dismissal.

Petitioner does not allege that he is being unlawfully held by the Military but rather acknowledges that he currently is voluntarily and lawfully a member of the United States Army. The ADSO that Petitioner challenges was restored to June 30, 2007, independent of Petitioner's Application. Petitioner in essence seeks an advisory opinion from this Court determining whether the Army may hold him on Active Duty beyond June 30, 2007.

I.    Facts.

Petitioner is a commissioned medical officer in the United States Army, stationed at Walter Reed Army Medical Center, Washington DC, and is currently deployed to Iraq in support of Operation Iraqi Freedom until October 2006. Pet.'s Application for Writ of Habeas Corpus, ¶ 4. Petitioner currently has an ADSO to the United States Army until June 30, 2007. Id. at ¶ 24; Decl. of Major Terry G. Owens (MAJ Owens Decl.), ¶¶ 3, 6. This ADSO is based on Petitioner's participation in graduate medical education (GME) at the fellowship level. Specifically, Petitioner participated in the cardiology and interventional cardiology GME fellowship programs. MAJ Owens Decl. ¶ 3.

The Chief, U.S. Army Human Resources Command, Personnel Services Branch, is responsible for all matters relating to ADSOs for Army Medical Department officers. MAJ Owens Decl, ¶ 1. On January 20, 2006, the U.S. Army Office of the Surgeon General, Directorate of Medical Education, requested the Chief, Personnel Services Branch, U.S. Army Human Resources Command, to correct Petitioner's ADSO. MAJ Owens Decl. ¶ 4. The Office of the Surgeon General based this requested change on its interpretation of Department of Defense Directive 6000.2, which provides guidance on Minimum Terms of Service and Active Duty Obligations for Health Services Officers. MAJ Owens Decl. ¶ 4. In response to the request from the Office of the Surgeon General, Petitioner's ADSO was changed to read June 30, 2010 in the Total Officer Personnel Management Information System (TOPMIS) and the Medical Operating Data System (MODS). MAJ Owens Decl. ¶ 5. Petitioner was notified of this change. MAJ Owens Decl. ¶ 5; Pet.'s Application for Writ of Habeas Corpus, ¶ 26. After further review, U.S. Army Human Resources Command returned Petitioner's ADSO to the

original June 30, 2007 date in TOPMIS and MODS.  Petitioner's ADSO remains June 30,
2007, as no final decision has been made to change it to June 30, 2010.  MAJ Owens
Decl. ¶ 6.

II.     Plaintiff's Claims Are Not Ripe.

        The jurisdiction of federal courts is limited to those cases involving a case or
controversy.  Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 81
(1978).  Plaintiff's application is this case is premature and violates the ripeness
doctrine.[1]  The purpose of the ripeness doctrine is to prevent the courts, through
avoidance of premature adjudication, from entangling themselves in abstract
disagreements over administrative policies, and also to protect the agencies from judicial
interference until an administrative decision has been formalized and its effects felt in a
concrete way by the challenging parties.  Abbott Laboratories v. Gardner, 387 U.S. 136,
148-49 (1967), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977);
Worth v. Jackson, 451 F.3d 854, 861 (D.C. Cir. 2006).  The agency action which plaintiff
challenged in his application is not yet final.

        A case is generally ripe if any remaining questions are purely legal ones and,
conversely, not ripe if further factual development is required.  Abbott Labs., 387 U.S. at
149.  Furthermore, a claim is not ripe if it rests upon contingent future events that may
not occur as anticipated, or may not occur at all.  Texas v. United States, 523 U.S. 296,
300 (1998).  Petitioner's ADSO is currently listed exactly as he argues it should be.  See

_____

[1]"[T]he conclusion that an issue is not ripe for adjudication ordinarily emphasizes
a prospective examination of the controversy which indicates that future events may
affect its structure in ways that determine its present justiciability, either by making a
later decision more apt or by demonstrating directly that the matter is not yet appropriate
for adjudication by an Article III court." L. Tribe, American Constitutional Law 61 (2d
Ed. 1988) (emphasis in the original).

MAJ. Owens Decl. ¶ 3.  Either Petitioner failed to confirm that the change in his ADSO was a final agency action, or Petitioner is speculating that the Army will change his ADSO in the future.  He is, in effect, rushing to court in an effort to obtain an advisory opinion a year in advance of any potential impact such a decision will have on him.

The key considerations in ripeness analysis are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  Abbott Labs., 387 U.S. at 149.  Under the first prong, the court looks to see whether the issue is purely legal, whether consideration of the issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final.  Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers, 440 F.3d 459, 463-64 (D.C. Cir. 2006).  Under the second prong, the court considers not whether the parties have suffered any "direct hardship," but rather whether postponing judicial review would impose an undue burden on them or would benefit the court."  Id. at 464.  (citing Harris v. FAA 353 F.3d 1006, 1012 (D.C. Cir. 2004)).  See also Ohio Forestry Ass'n v. Sierra Club 523 U.S. 726, 733 (1998); AT&T v. FCC, 349 F.3d 692, 700, 702 (D.C. Cir. 2003). Any claim Petitioner attempts to assert is premature prior to the Army making a final decision in this matter that is adverse to him.  In Petitioner's case, it is clear that the agency's decision to adjust his ADSO was not sufficiently finalized, as it was later changed back to June 30, 2007.  Postponing judicial review would not burden Petitioner, as he has suffered no harm, and would benefit the Court by allowing the agency to take final action, if appropriate.  If Respondent maintains the status quo, then Petitioner has not been harmed. If Respondent finally changes Petitioner's ADSO, then the Court will be able to review a final decision, after appropriate administrative remedies have been exhausted.

III.    Plaintiff may not File a Habeas Corpus Application Unless He Alleges he is
        Unlawfully Retained in the Service

        Even if the Court were to determine the issues presented by Petitioner are ripe, he

has not alleged that he is unlawfully in the custody of the Army.  Custody is a

jurisdictional prerequisite for a habeas corpus petition.  See 28 U.S.C. § 2241; Maleng v.

Cook, 490 U.S. 488 (1989).  Federal courts have found involuntary military service

tantamount to custody for purposes of habeas corpus relief.  See Parisi v. Davidson, 405

U.S. 34 (1972) (the writ of habeas corpus has long been recognized as the appropriate

remedy for servicemembers who claim to be unlawfully retained in the armed forces).

The Petitioner may not bring a habeas corpus application prior to July 1, 2007, because

he is serving pursuant to a voluntary ADSO that even he concedes is calculated correctly.

Pet.'s Application for Writ of Habeas Corpus, ¶ 24.  Moreover, as set forth in the

Declaration of Major Terry Owens, Petitioner's current Active Duty Service Obligation

remains June 30, 2007.  This is exactly the date Petitioner alleges is the correct date.  The

Army has administratively returned Petitioner's ADSO to its original date and the mere

possibility that it may later seek to change Petitioner's ADSO does not make this case

ripe for judicial review.   Petitioner has not alleged that he has submitted a request for

resignation.[2]  This lack of resignation request, as well as other possible events,[3] could

extend Petitioner's term of service beyond June 30, 2007.  As Petitioner is not currently

_____

        [2]  In order to leave the service, Regular Army officers must resign their
commission.  The Army may limit the right to do so.  See Hesse v. Resor, 266 F. Supp.
31 (E.D. Mo. 1966).

        [3]  For example, Petitioner could be subject to the stop loss policy.  "Stop Loss"
refers to the current policy that servicemembers in a unit that is alerted to deploy cannot
leave the unit until after the unit returns from deployment.  See, Santiago v. Rumsfeld,
407 F. 3d 1018, 1024 (9th Cir. 2005).

unlawfully in the Army's custody, this honorable Court lacks jurisdiction to issue a Writ of Habeas Corpus.

IV.    Plaintiff Has Not Exhausted Available Administrative Remedies

Even if Petitioner were unlawfully in the custody of Respondent, Petitioner has not exhausted available administrative remedies.  The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its area of expertise, namely "to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies."  Id. at 37-38 (citing McKart v. United States, 395 U.S. 185, 193 (1969)).  Although the doctrine of exhaustion contains exceptions,  see e.g., McCarthy v. Madigan, 503 U.S. 140, 147-148 (1992) (holding the doctrine does not apply when exhaustion would prove "futile"), the facts presented before the Court are exactly those that cry out for its application.  Petitioner states he was directed to pursue available administrative remedies to challenge his perceived wrong.  Pet. Application for Writ of Habeas Corpus, at 9 ("you need to appeal to the Army Board for Correction of Military Records to make that happen.  I'd start with JAG and go from there.").  Petitioner chose to forego the available administrative remedies and instead filed with this Court.  Petitioner did not request that his records be corrected by the ABCMR.  See Declaration of Dr. Chun.  Apparently, Petitioner did not even confirm that his ADSO was finally changed prior to filing his application.  If Petitioner or his counsel would have undertaken the minor steps of checking with the agency prior to filing this cause of action, he would have determined that his ADSO was in the process of being restored.  See MAJ Owens Decl. at 3.

<u>Conclusion</u>

Petitioner's Application for Writ of Habeas Corpus fails to present a case or controversy.  The ADSO that Petitioner challenges was restored to June 30, 2007, independent of Petitioner's Application.  This is the ADSO date that Petitioner contends is the correct date.  Any contention that Respondent may change the ADSO is speculative and is therefore not ripe.  Finally, Petitioner's Application for Writ of Habeas Corpus should be dismissed because he is not currently unlawfully in the custody of the Army, and has not exhausted the available administrative remedies to address any remaining grievance.  Accordingly, Petitioner's Application for Writ of Habeas Corpus should be denied.

Respectfully submitted,

_____/s_____
KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
 (202) 353-9895

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH C. FETTERMAN
MAJOR JERRETT W. DUNLAP
Office of The Judge Advocate General
Department of the Army
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Response to Order to Show Cause

was served by First-Class mail; postage prepaid to:

Matthew S. Freedus
Feldesman Tucker Liefer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, D.C. 20036

on this 7th day of August, 2006.


_____/s/_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780